IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago Alliance against Racist and Political Repression, Anti-War Coalition and Students for a Democratic Society at UIC,<br><br>Plaintiffs,<br><br>v.<br><br>City of Chicago, an Illinois Municipal Corporation, and Tom Carney, solely in his capacity as Commissioner of the Chicago Department of Transportation,<br><br>Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs Chicago Alliance Against Racist and Political Repression ("CAARPR"), the Anti-War Committee ("AWC") and Students for a Democratic Society at UIC ("SDS at UIC"), for their Complaint against the City of Chicago, an Illinois municipal corporation (hereafter "Chicago"), and Tom Carney, solely in his capacity as Commissioner of the Chicago Department of Transportation (hereafter "CDOT Commissioner") (collectively "Defendants"), state as follows:

### I. PRELIMINARY STATEMENT

1. At a time when over 30,000 Palestinians in Gaza, a majority women and children, have been killed with bombs and missiles made in and funded by the United States and over one million Gazans – mostly children – face catastrophic conditions and are literally starving to death due to military action supported by and largely funded by the United States, the need for to freedom of speech, particularly directed at federal Democratic officials scheduled to attend the Democratic National Convention ("DNC") in Chicago – including the President Biden, is at its peak. Plaintiffs seek to direct their political speech through peaceful marches to the President of the United States,

the one person who could stop the suffering in Gaza with a single phone call, while he at the DNC. Defendants unconstitutionally denied Plaintiffs and their members' right to engage in political speech through peaceful assembly on public forums, thereby violating their First Amendment rights.

## II. NATURE OF THE CASE

2. This lawsuit arises under Section 1983 of the Civil Rights Act of 1871 ("Section 1983") for violation of the First Amendment rights of Plaintiffs, all organizations seeking to conduct peaceful political protest marches during the Democratic National Convention ("DNC") from August 18, 2024 to August 22, 2024 relating to U.S. foreign affairs and directed at federal elected officials, including the President and Congresspeople, who will be attending the DNC. Plaintiffs allege that the Chicago Ordinance 10-8-330 ("Ordinance") which regulates issuance of permits for parades such as those sought by Plaintiffs is: (1) unconstitutional on its face because it permits Defendants to deny a permit solely based on an overly broad definition of "duplicative" in Section (d)(1) of the Ordinance without consideration of a narrowly tailored restriction to meet a compelling governmental interest; and (2) unconstitutional as applied to Plaintiffs and their permit applications because in denying the permit applications pursuant to Section (g) of the Ordinance, Chicago failed to consider an alternate route narrowly tailored restriction to meet a compelling governmental interest which would provide comparable visibility and have a similar route and location as required by Section (k) of the Ordinance and the First Amendment.

## III. JURISDICTION AND VENUE

3. This matter arises under the U.S. Constitution and laws of the united states, specifically the First Amendment and 42 U.S.C. § 1983.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendants are a governmental body and public official respectively within this jurisdiction.

## IV. PARTIES

**A. Plaintiffs**

6. Plaintiff Chicago Alliance Against Racist and Political Repression ("CAARPR") is an organization of housed in Chicago, Illinois, within this judicial district and run in part by co-chair Kobi Guillory, who reside within this judicial district and is made up of members who are citizens and residents of the United States.

7. Plaintiff Anti-War Committee ("AWC") is an organization of housed in Chicago, Illinois, within this judicial district and run, in part by co-chair John Metz, who reside within this judicial district and is made up of members who are citizens and residents of the United States.

8. Plaintiff Students for a Democratic Society at the University of Illinois ("SDS at UIC") is an organization of housed in Chicago, Illinois, within this judicial district and run, in part by SDS at UIC President Henry Rathburn a/k/a Liz Rathburn, who reside within this judicial district, and is made up of members who are citizens and residents of the United States.

**B. Defendants**

9. Defendant the City of Chicago ("Chicago") is a lawfully constituted municipality under the laws of the State of Illinois, within this judicial district.

10. Defendant Tom Carney is the Commissioner of the Chicago Department of Transportation being sued only in his official capacity for acts and omissions committed in this judicial district.

## V. FACTUAL BACKGROUND

11. The Democratic National Committee ("Dem. Nat'l Comm.") is scheduled to hold its 2024 convention to nominate its Democratic candidate for President and Vice President of the United States, federal elected offices.

12. Chicago successfully lobbied the Dem Nat'l Comm. heavily to hold the 2024 Democratic National Convention ("DNC") in Chicago.

13. The DNC will be held at the United Center ("UC") located at 1901 W. Madison Street in Chicago, Illinois, at least three (3) miles west of the city center.

14. As the city hosting the 2024 DNC, Chicago has the obligation to protect not only the safety and security of the delegates, politicians and other attending the DNC and the residents of the City of Chicago, but also to secure the First Amendment rights of citizens and residents of the City of Chicago and the United States to engage in political speech and to peacefully assemble in public venues with the restrictions narrowly tailored to meet a compelling City of Chicago interest.

15. Plaintiffs, all organizations with membership made up of citizens and residents of the City of Chicago and the United States, applied for parade permits under the Ordinance to conduct peaceful marches with a political message directed at the federal officials in attendance at the DNC being held at the UC.

16. On November 9, 2023, Plaintiff CAARPR, through Kobi Guillory, applied for a parade permit pursuant to the Ordinance for a march proposed to be conducted in the area of the UC entitled March on the DNC 2024 **to be held on August 19, 2024**. *See* CAARPR November 9, 2023 parade permit application attached hereto as Exhibit A.

17. On January 22, 2024, the CDOT Commissioner, through his designee, Bryan

Gallardo, denied the January 10, 2024 CAARPR parade permit application for the March on the DNC 2024 to be held on August 19, 2024 based on Section (g) of the Ordinance, which permits the CDOT Commissioner to deny a permit application if:

> *(1) the proposed parade will substantially or unnecessarily interfere with traffic in the area contiguous to the activity, or that, if the parade will substantially interfere with such traffic, that there are available at the time of the proposed parade sufficient city resources to mitigate the disruption; or (2) there are not available at the time of the parade a sufficient number of on-duty police officers, or other city employees authorized to regulate traffic, to police and protect lawful participants in the parade and non-participants from traffic-related hazards in light of the other demands for police protection at the time of the proposed parade.*

Ordinance 10-8-330(g).

18. In the January 22, 2024 denial letter, the CDOT Commissioner offered an alternate route for the parade which could be conducted on Columbus Ave between East Roosevelt Road and East Jackson Blvd, in downtown Chicago (hereafter "City Alternate Route"). *See* January 22, 2024 Denial Letter, attached as Exhibit B; *see also* Exhibit C (the City Alternate Route).

19. The City Alternate Route is more than three (3) miles east of the UC, the sight of the DNC, at its closest point and that section of Columbus Drive is a tree-lined street which is largely not visible from either Lake Shore Drive to the east or Michigan Avenue to the west.

20. Section (k) requires the City of Chicago, in pertinent part:

> *When the commissioner denies an application for a parade permit, the commissioner shall authorize the conduct of a parade on a date, at a time, at a location, or over a route different from that named by the applicant. This alternate permit shall, to the extent practicable, authorize an event that will* **have comparable public visibility and a similar route**, **location** *and date to that of the proposed parade.*

Ordinance 10-8-330(k)(*emphasis added*)

21. Defendants made no effort to communicate with Plaintiff CAARPR to discuss an alternate route with comparable visibility and a similar route and location to the extent possible,

5

instead making the offer of the alternate route on a take-it-or-leave-it basis.

22. Defendants made no effort to consider alternate routes that would be more narrowly tailored restrictions on the proposed route in terms of time, manner and place.

23. On January 7, 2024, Plaintiff CAARPR applied for a parade permit pursuant to the Ordinance for a march proposed to be conducted in the area of the UC entitled March on the DNC 2024 **to be held on August 22, 2024**. *See* CAARPR January 7, 2024 parade permit application attached hereto as Exhibit D.

24. On February 1, 2024, the CDOT Commissioner, through his designee, Bryan Gallardo, denied the January 7, 2024 CAARPR parade permit application for the March on the DNC 2024 to be held on August 22, 2024 based on the application the January 30, 2024 application being duplicative of the January 10, 2024 application filed by CAARPR. *See* February 1, 2024 CDOT Commissioner Denial Letter, attached hereto as Exhibit E.

25. In support of the February 1, 2024, the CDOT Commissioner relied exclusively on Section (d) of the Ordinance which states in pertinent part:

> *No person or organization may submit more than one application* for the same parade date and route, or for a parade substantially similar in theme or units described *but requesting an alternate date or route*, whether using the same name, different names, or different affiliations *that the person or organization may control or be a member of*.

Ordinance 10-8-330(d)(1)(*emphasis added*)

26. CAARPR appealed the denial of the January 30, 2024 parade permit application to the Chicago Department of Administrative Hearings and the permit denial was upheld. See Hearing Officer Decision in 23 PA 000003, attached hereto as Exhibit F.

27. On February 29, 2024, Plaintiff AWC, through John Metz, applied for a parade permit pursuant to the Ordinance for a march proposed to be conducted in the area of the UC entitled March for the People's Agenda Parade to be held on August 22, 2024. *See* AWC February

29, 2024 parade permit application attached hereto as Exhibit G.

28. On March 7, 2024, the CDOT Commissioner, through his designee, Bryan Gallardo, denied the February 29, 2024 AWC parade permit application for the March for the People's Agenda Parade to be held on August 22, 2024 based on Section (g) of the Ordinance. *See* ¶17, *supra*; *see also* March 7, 2024 CDOT Commissioner Denial Letter, attached as Exhibit H.

29. In the March 7, 2024 denial letter, the CDOT Commissioner offered the same City Alternate Route. *See* Exh. H.; *see also* Exh, C.

30. The City Alternate Route is more than three (3) miles east of the UC, the sight of the DNC, at its closest point and that section of Columbus Drive is a tree-lined street which is largely not visible from either Lake Shore Drive to the east or Michigan Avenue to the west.

31. Defendants made no effort to communicate with Plaintiff ACW to discuss an alternate route with comparable visibility and a similar route and location to the extent possible as required by Section (k) of the Ordinance (*see* ¶20, *supra*), instead making the offer of the alternate route on a take-it-or-leave-it basis.

32. Defendants made no effort to consider alternate routes that would be more narrowly tailored restrictions on the proposed route in terms of time, manner and place.

33. ACW appealed the denial of the February 29, 2024 parade permit application to the Chicago Department of Administrative Hearings and the permit denial was upheld. *See* Hearing Officer Decision in 23 PA 000004, attached hereto as Exhibit I.

34. On February 29, 2024, Plaintiff SDS at UIC, through Liz Rathburn, applied for a parade permit pursuant to the Ordinance for a march proposed to be conducted in the area of the UC entitled March against US Funded Gaza Genocide to be held on August 19, 2024. *See* SDS at UIC February 29, 2024 parade permit application attached hereto as Exhibit J.

35. On March 7, 2024, the CDOT Commissioner, through his designee, Bryan

7

Gallardo, denied the February 29, 2024 SDS at UIC parade permit application for the March against US Funded Gaza Genocide to be held on August 19, 2024 based on Section (g) of the Ordinance. *See* ¶17, *supra*; *see also* March 7, 2024 CDOT Commissioner Denial Letter, attached as Exhibit K.

36. In the March 7, 2024 denial letter, the CDOT Commissioner offered the same City Alternate Route. *See* Exh. K.; *see also* Exh, C.

37. The City Alternate Route is more than three (3) miles east of the UC, the sight of the DNC, at its closest point and that section of Columbus Drive is a tree-lined street which is largely not visible from either Lake Shore Drive to the east or Michigan Avenue to the west.

38. Defendants made no effort to communicate with Plaintiff SDS at UIC to discuss an alternate route with comparable visibility and a similar route and location to the extent possible as required by Section (k) of the Ordinance (*see* ¶20, *supra*), instead making the offer of the alternate route on a take-it-or-leave-it basis.

39. Defendants made no effort to consider alternate routes that would be more narrowly tailored restrictions on the proposed route in terms of time, manner and place.

40. SDS at UIC appealed the denial of the February 29, 2024 parade permit application to the Chicago Department of Administrative Hearings and the permit denial was upheld. *See* Hearing Officer Decision in 23 PA 000005, attached hereto as Exhibit L.

41. Chicago, through the CDOT Commissioner, further denied the application for a permit to march in front of the DNC filed by Plaintiffs CAARPR, AWC and SDS at UIC based on a recommendation from the Chicago Police Department ("CPD") based on unspecified security concerns immediately around the United Center DNC. CPD offered no specific justification for its recommendation and had not considered more narrowly tailored restrictions.

42. The DNC is an inherently political event.

43. Numerous elected federal officials and candidates for federal office from across the United States, including President Biden, Vice President Harris and senators and congressional representatives, will be in attendance at the DNC and, specifically, will be conducting their nominating activities at the UC during the week of the DNC.

44. The parade permits Plaintiffs seek are to conduct peaceful marches on public forums to convey a different political message to different attendees attending on different dates at the DNC being held at the UC.

45. Each Plaintiff organization agreed it would engage with Defendants to find a more narrowly tailored parade route with more comparable visibility and closer in terms of location and route.

**COUNT I**
**Violation of the First Amendment*Denial of Parade Permits***
***Solely Based on Section (d)(1) of the Ordinance***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 45 as though set forth herein.

46. The First Amendment of the U.S. Constitution protects the right of U.S. citizens and residents, including Plaintiff CAARPR and its members, the right to freely speak and assemble in public forums to seek redress of grievances they may have about the conduct of their government.

47. Section 1983 provides in pertinent part that:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof of the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proper proceedings for redress…*

48. Section (d)(1) of Chicago's Parade Ordinance:

9

      a.      prohibits an organization from applying for more than one parade permit *even if they are sought for different dates;* and

      b.      prohibits more than one organization from seeking different parade permits if the organizations *have even a single member in common*.

49. Section (d)(1) of the Ordinance is a facially unconstitutional prior restraint on Plaintiffs' right to engage in political speech insomuch as this section of the Ordinance allows Defendants to deny a parade permit based solely upon such application being "duplicative" as defined by Section (d)(1) without any consideration a permit application being duplicative without any consideration as to the political speech in which Plaintiffs seek to engage.

50. Section (d)(1) of the Ordinance allows Defendants to deny a parade permit to an organization that is not narrowly tailored to meet a compelling government interest.

51. In denying Plaintiff CAARPR's parade permit application for The March on the DNC 2024 for August 22, 2024 without consideration of the time, manner and place of the proposed permit, Defendants did in fact deny Plaintiff CAARPR's and its members' First Amendment rights by prohibiting Plaintiff CAARPR and its members from exercising their right to freely speak and assemble in a public forum on one of the only days the President and Vice President of the United States are likely to be in attendance.

52. Section (s) of the Ordinance establishes civil fines of not less than $200.00 nor more than $1,000.00 and establishes criminal penalties for any person who violates any section of the Ordinance, including Section (d)(1).

53. The potential imposition of civil and criminal penalties on any party even applying for a parade permit which may be deemed to be "duplicative" under the overly broad definition of "duplicative" in Section (d)(1) of the Ordinance violates Plaintiffs' First Amendment rights in that the Ordinance has a chilling effect on Plaintiffs even applying for a parade permit where the same

organization has applied for a parade permit for another date or another organization with even a single overlapping member has applied for a parade permit.

54. Defendants have, in fact, chilled Plaintiffs CAARPR, AWC and SDS at UIC's First Amendment rights in that Defendants directly threatened to seek penalties under the Ordinance when Plaintiffs AWC and SDS at UIC appealed the denial of their respective parade permit applications.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants as follows:

    A.    Declare that the Ordinance is void as it violates Plaintiffs' First Amendment rights by imposing an unconstitutional restraint on the right to assemble and engage in political speech in a public forum;

    B.    Declare that the Defendants violated Section 1983 and the First Amendment;

    C.    Issue a temporary and permanent injunction enjoining Defendants from enforcing the Ordinance or, in the alternative, compelling Defendants to approve the parade permits sought by Plaintiffs;

    D.    Grant Plaintiffs' reasonable attorneys' fees and costs incurred in filing this action; and

    E.    Grant such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the First Amendment
*Denial of Parade Permits without Proper Consideration of a Narrowly Tailored Restriction to Serve a Compelling Government Interest*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 54 as though set forth herein.

55. The First Amendment of the U.S. Constitution protects the right of U.S. citizens and residents, including Plaintiffs CAARPR, AWC and SDS at UIC and the respective members of each, the right to engage in political speech and assemble in public forums to seek redress of grievances they may have about the conduct of their government.

56. Section 1983 provides in pertinent part that:

*Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof of the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proper proceedings for redress…*

57. While Section (g) of the Ordinance permits Defendants to deny a parade permit if: (1) the proposed parade will substantially or unnecessarily interfere with traffic in the area contiguous to the activity, or that, if the parade will substantially interfere with such traffic, that there are available at the time of the proposed parade sufficient city resources to mitigate the disruption; or (2) there are not available at the time of the parade a sufficient number of on-duty police officers, or other city employees authorized to regulate traffic, to police and protect lawful participants in the parade and non-participants from traffic-related hazards in light of the other demands for police protection at the time of the proposed parade, Section (k) requires the City of Chicago, in pertinent part:

*When the commissioner denies an application for a parade permit, the commissioner shall authorize the conduct of a parade on a date, at a time, at a location, or over a route different from that named by the applicant. This alternate permit shall, to the extent practicable, authorize an event that will **have comparable public visibility and a similar route**, **location** and date to that of the proposed parade.*

Ordinance 10-8-330(k)(emphasis added)

58. Plaintiffs CAARPR, AWC and SDS at UIC each sought a permit for a parade during the week of the DNC between August 19, 2024 and August 22, 2024 to be conducted within sight and sound of the DNC at the UC.

59. In denying each Plaintiffs' parade application, Defendants offered only the City's Alternate Parade Route which is three miles away from the site of the UC, site of the DNC, in an area blocked from public view by trees and completely out of sight and sound of the DNC.

12

60. Defendants unilaterally determined the City's Alternate Parade Route, failed or refused to engage Plaintiffs to determine if there was an alternate parade route with more comparable visibility to the DNC and a more similar route and location.

61. Defendants failed or refused to make any effort to consider other alternate parade route with more comparable visibility to the DNC and a more similar route and location.

62. The City's Alternate Parade Route offered by Defendants to Plaintiffs:

    a. is not narrowly tailored to serve a compelling government interest; and

    b. does not leave open ample alternative channels for communication of the political speech Plaintiffs seek to relay at the DNC.

63. The Dem. Nat'l Comm. itself is part of a planning committee for the DNC with, *inter alia*, the City of Chicago, the Secret Service and other governmental agencies, including planning of security and parades, and has an interest in ensuring that Democratic candidates, including President Biden, are not exposed to protests about the policies of the Democratic Administration.

64. On information and belief, Defendants' denials of Plaintiffs' parade permit applications and proposed Alternate Parade Route were not content neutral and were influenced by the Dem. Nat'l Comm.'s desire to keep protests about the policies of Democratic officials, including President Biden, away from the DNC.

65. In denying Plaintiff CAARPR's parade permit application for The March on the DNC 2024 for August 19, 2024, Plaintiff AWC's parade permit application for the March for the People's Agenda for August 22, 2024 and Plaintiff SDS at UIC's parade permit application for the March Against US funded Gaza Genocide for August 19, 2024, all with proposed routes within sight and sound of the DNC, and offering only the City's Alternate Parade Route far outside of

13

sight and sound of the DNC, Defendants unconstitutionally interfered with Plaintiffs and their respective members' right to engage in political speech and assemble in a public forum.

66. Defendants' application of the Ordinance in denying Plaintiffs' parade permits applications pursuant to Section (g) of the Ordinance violated the First Amendment.

67. Defendants' denial of the Plaintiffs' parade permit applications, providing only the City Alternate Parade Route as a take-it-or-leave-it offer, without consideration of the time, manner and place of the proposed permit, Defendants did in fact deny Plaintiffs and their respective members' First Amendment.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants as follows:

A. Declare that the Defendants violated Section 1983 and the First Amendment in its application of the Ordinance;

B. Issue a temporary and permanent injunction enjoining Defendants from enforcing the Ordinance or, in the alternative, compel Defendants to approve the parade permits sought by Plaintiffs or, in the alternative, compel Defendants to meet with Plaintiffs to determine a parade route more narrowly tailored;

C. Grant Plaintiffs' reasonable attorneys' fees and costs incurred in filing this action; and

D. Grant such other and further relief as this Court deems appropriate and just.

Dated: March 22, 2024

Respectfully submitted,

*/s/Christopher J. Williams*
Christopher J. Williams (ARDC #6284262)
Workers' Law Office, P.C.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 945-8737

Counsel for Plaintiffs