IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago Alliance against Racist and Political Repression, Anti-War Coalition and Students for a Democratic Society at UIC, <br><br> Plaintiffs, <br><br> v. <br><br> City of Chicago, an Illinois Municipal Corporation, and Tom Carney, solely in his capacity as Commissioner of the Chicago Department of Transportation, <br><br> Defendants. | Case No. 24-cv-02347 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge David Weisman |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs Chicago Alliance Against Racist and Political Repression ("CAARPR"), the Anti-War Committee ("AWC") and Students for a Democratic Society at UIC ("SDS at UIC"), through their counsel, request that this Court grant preliminary injunctive relief pending final judgment on the merits. In support of this motion, Plaintiffs state as follows and in their forthcoming Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunctive Relief:

1. From August 18, 2024 to August 22, 2024, the City of Chicago will be hosting the Democratic National Convention ("Convention"). Multiple decision makers as to U.S. foreign policy will be present, including the President and Vice President of the United States.

2. The Plaintiffs are three organizations organized to engage in peaceful political speech and seek to exercise their First Amendment rights at the Convention to deliver their political messages directly to, *inter alia*, President Biden.

3. The City, working with the Democratic National Committee ("DNC"), is exercising its authority under Section (g) of the Chicago Ordinance 10-8-330 ("Ordinance") to deny these

1

organizations' respective applications for parade permits within sight or sound of the Convention. Instead, the City, on information at the behest of the DNC, unilaterally decided to offer an alternative parade route approximately four (4) miles away buried on a tree lined street in an entirely other part of the City, clearly to protect President Biden and others from hearing the Plaintiffs' political message. In doing so, the City failed to consider to least restrictive route narrowly tailored to meet a compelling government interest. Indeed, the City admitted it considered no other alternative than the one it seeks to force on Plaintiffs and failed to engage Plaintiffs to consider less restrictive options.

4. As the U.S. Supreme Court made clear in *New York Times Co. v. Sullivan*, there is a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." 376 U.S. 254, 270 (1964).

5. The City, working with the DNC, also seeks to limit the number of peaceful parades organized to deliver political speech by denying permit applications solely on the grounds that such applications are "duplicative" pursuant to Section (d)(1) of the Ordinance. This provision violated the First Amendment on its face as it is vague and overly broad and has been interpreted by the Defendants to allow to not only deny permit applications but even seek criminal and civil penalties against any organization and its members applying for a parade permit on more than one date or against two or more organizations *with even a single member in common* which seek parade permits.

6. The Seventh Circuit weighs five factors when considering a motion for preliminary injunction: (1) plaintiffs' reasonable likelihood of success on the merits, (2) whether a legal remedy is adequate, (3) whether the plaintiffs face irreparable harm, (4) whether the balance of the equities weigh in plaintiffs' favor, and (5) whether preliminary injunctive relief is in the public interest.

*Turnell v. CentiMark Corp.,* 796 F.3d 656, 662 (7th Cir. 2015). All five factors weigh in favor of granting an injunction in this case.

7. Plaintiffs are likely to prevail on the merits as the Defendants admitted they made no effort to find a less restrictive alternative parade route narrowly tailored to meet a compelling governmental interest. In addition, the Defendants unilaterally denied petitions as duplicative even though such petitions sought permits on different days and the Defendants have chilled applications from these and other organizations by threatening to seek criminal and civil penalties against any organization with even a single member in common.

8. Plaintiffs will have no adequate remedy at law. Plaintiffs do not seek any kind of monetary damages and such damages would be an inadequate remedy in exchange for the denial to engage in protected First Amendment speech.

9. Plaintiff will be irreparably harmed if they are not granted relief until after this matter is adjudicated to a final judgment. With the Convention approaching in less than four (4) months, the harm cannot be remedied after the fact, after the Convention has concluded and the opportunity to deliver political speech at that event has passed.

10. The balance of hardships weighs in favor of Plaintiffs. Plaintiffs seek limited and narrowly tailored relief to protect the First Amendment rights of their members from the denial of parade permits during the Convention designed to peacefully deliver a political message to decision-makers in the government about pursuant to the. The Plaintiff Organizations seek protection of their First Amendment Rights from:

> A. Defendants' unconstitutional application of Section (g) of the Ordinance to deny the requested permits without consideration of an alternative route that is narrowly tailored to serve a compelling government interest and seeks merely that the City engage with Plaintiffs to attempt to work out more narrowly tailored restriction or, alternatively, for the Court to consider more narrowly tailored parade routes; and

B. Defendants' reliance on Section (d)(1) of the Ordinance which permits the denial of one of the parade permits and has chilled other parade permit applications as "duplicative" based solely on an overly broad and unconstitutional definition of "duplicative" which provides for civil and criminal penalties against any organization which seeks a parade permit on more than one date or against two or more organizations *with even a single member in common* which seek parade permits. Plaintiffs merely seek that the City be enjoined from denying parade permit applications based on Section (d)(1) of the Ordinance.

11. The public interest weighs in favor of granting preliminary injunctive relief. The U.S. Supreme Court has long recognized that the government does not have a free hand to regulate private speech on government property… that members of the public retain strong free speech rights when they venture into public streets and parks, 'which 'have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions.'" Pleasant Grove City v. Summum, 555 U.S. 460, 469 (2009). Here the Defendants are attempting to regulate private political speech on public streets in contravention of this core principle of the U.S. Constitution.

12. Defendants do not agree to the entry of a preliminary injunction in this matter.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enjoin Defendants enforcing their decision to deny Plaintiffs' applications for permit parades, direct the Defendants to engage with Plaintiffs to consider less restrictive alternatives for a parade permit within sight and sound of the Convention or, alternatively, for the Court to direct the Defendants to allow Plaintiffs to conduct parade protests immediately outside the secure perimeter of the Convention; and

B. Enjoin Defendants from enforcing Section (d)(1) of the Ordinance and direct the Defendants to reevaluate parade permits previously denied based solely on the grounds of being duplicative and direct the Defendants to advise the public through publication that parade permits will not be denied on the basis of being duplicative; and

C. Such other relief the Court deems appropriate and just.

| | |
|---|---|
| Dated: April 30, 2024 | Respectfully submitted,<br><br>*/s/Christopher J. Williams*<br>Christopher J. Williams (ARDC #6284262)<br>Workers' Law Office, P.C.<br>1 N. LaSalle, Suite 1275<br>Chicago, Illinois 60602<br>(312) 945-8737<br><br>*Counsel for Plaintiffs* |